Case 3:24-cv-00095   Document 14   Filed on 12/20/24 in TXSD   Page 1 of 6

United States District Court
Southern District of Texas
**ENTERED**
December 20, 2024
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION**

| | |
|---|---|
| ARTYEMARIE F.,[1] § § | |
| Plaintiff. § § | |
| V. § | CIVIL ACTION NO. 3:24-cv-00095 |
| § | |
| COMMISSIONER OF SOCIAL SECURITY, § § § § | |
| Defendant. § | |

## MEMORANDUM AND RECOMMENDATION

Plaintiff Artyemarie F. seeks judicial review of an administrative decision denying her applications for Title II disability and disability insurance benefits under the Social Security Act (the "Act"). Artyemarie F. and Defendant Carolyn Colvin, the Acting Commissioner of the Social Security Administration (the "Commissioner"),[2] have filed briefs. *See* Dkts. 9, 12. Having reviewed the briefing, record, and applicable law, I recommend the Commissioner's decision be reversed and this matter remanded to the Commissioner for further proceedings consistent with this Memorandum and Recommendation.

### BACKGROUND

Artyemarie F. filed an application for benefits under Title II of the Act on December 28, 2021, alleging disability beginning on August 1, 2020. Her

---

[1] On May 1, 2023, the Committee on Court Administration and Case Management of the Judicial Conference of the United States issued a memorandum recommending that courts adopt a local practice of using only the first name and last initial of any non-government party in Social Security opinions.

[2] Carolyn Colvin became the Acting Commissioner of Social Security on November 30, 2024. Colvin is "automatically substituted" as the defendant in this suit. FED. R. CIV. P. 25(d); *see also* 42 U.S.C. § 405(g) ("Any action instituted in accordance with this subsection shall survive notwithstanding any change in the person occupying the office of Commissioner of Social Security or any vacancy in such office."). This is Ms. Colvin's second time serving as Acting Commissioner, having previously served as Acting Commissioner from February 14, 2013 through January 20, 2017.

application was denied and denied again upon reconsideration. On August 24, 2023, an Administrative Law Judge ("ALJ") held a hearing. On October 19, 2023, the ALJ found that Artyemarie F. had no severe impairments and no limitations and was therefore not disabled. The Appeals Council denied review, making the ALJ's decision final and ripe for judicial review.

## APPLICABLE LAW

The standard of judicial review for disability appeals is provided in 42 U.S.C. § 405(g). *See Waters v. Barnhart*, 276 F.3d 716, 718 (5th Cir. 2002). Courts reviewing the Commissioner's denial of social security disability applications limit their analysis to "(1) whether the Commissioner applied the proper legal standards; and (2) whether the Commissioner's decision is supported by substantial evidence on the record as a whole." *Est. of Morris v. Shalala*, 207 F.3d 744, 745 (5th Cir. 2000). Addressing the evidentiary standard, the Fifth Circuit has explained:

> Substantial evidence is that which is relevant and sufficient for a reasonable mind to accept as adequate to support a conclusion; it must be more than a scintilla, but it need not be a preponderance. It is the role of the Commissioner, and not the courts, to resolve conflicts in the evidence. As a result, [a] court cannot reweigh the evidence, but may only scrutinize the record to determine whether it contains substantial evidence to support the Commissioner's decision. A finding of no substantial evidence is warranted only where there is a conspicuous absence of credible choices or no contrary medical evidence.

*Ramirez v. Colvin*, 606 F. App'x 775, 777 (5th Cir. 2015) (cleaned up). Judicial review is limited to the reasons relied on as stated in the ALJ's decision, and *post hoc* rationalizations are not to be considered. *See SEC v. Chenery Corp.*, 332 U.S. 194, 196 (1947).

Under the Act, "a claimant is disabled only if she is incapable of engaging in *any* substantial gainful activity." *Anthony v. Sullivan*, 954 F.2d 289, 293 (5th Cir. 1992) (quotation omitted). The Commissioner uses a five-step approach to determine if a claimant is disabled, including:

> (1) whether the claimant is presently performing substantial gainful activity; (2) whether the claimant has a severe impairment; (3) whether the impairment meets or equals a listed impairment; (4) whether the impairment prevents the claimant from doing past relevant work; and (5) whether the impairment prevents the claimant from performing any other substantial gainful activity.

*Salmond v. Berryhill*, 892 F.3d 812, 817 (5th Cir. 2018) (quoting *Kneeland v. Berryhill*, 850 F.3d 749, 753 (5th Cir. 2017)).

The burden of proof lies with the claimant during the first four steps before shifting to the Commissioner at Step 5. *See Salmond*, 892 F.3d at 817. Between Steps 3 and 4, the ALJ considers the claimant's residual functional capacity ("RFC"), which serves as an indicator of the claimant's maximum capabilities given the physical and mental limitations detailed in the administrative record. *See Kneeland*, 850 F.3d at 754. The RFC also helps the ALJ "determine whether the claimant is able to do her past work or other available work." *Id.*

## THE ALJ'S DECISION

At Step 1, the ALJ found that Artyemarie F. "engaged in substantial gainful activity . . . [from] August 2020 to January 2022," but that "[a] continuous 12-month period exists during which the claimant did not engage in substantial gainful activity." Dkt. 4-3 at 17. Thus, the ALJ directed his findings toward the period during which Artyemarie F. did not engage in substantial gainful activity.

At Step 2, the ALJ found that Artyemarie F. "has the following medically determinable impairments: degenerative disc disease (DDD); degenerative joint disease (DJD); fibromyalgia with chronic pain; mild glaucoma; headaches; gastroesophageal reflux disease (GERD); diabetes; hypertension; sleep apnea; urinary incontinence; obesity; alcohol abuse disorder; depression; anxiety; and post-traumatic stress disorder (PTSD)." *Id.* at 18. Yet, the ALJ determined that Artyemarie F. "does not have an impairment or combination of impairments that has significantly limited (or is expected to significantly limit) the ability to perform basic work-related activities for 12 consecutive months; therefore, the claimant does not have a severe impairment or combination of impairments." *Id.*

3

Because the ALJ found that Artyemarie F. does not have a severe impairment, the ALJ did not perform the Step 3 analysis. The ALJ then claimed that "[e]ven though [Artyemarie F.]'s impairments are non-severe, the Court proceeded with the sequential evaluation and found that, after careful consideration of the entire record, [Artyemarie F.] has no limitations." *Id.* at 31. After finding that Artyemarie F. has no severe impairments, skipping the Step 3 analysis, and then assessing no limitations, the ALJ found that Artyemarie F. "is capable of performing past relevant work (PRW)." *Id.* Accordingly, the ALJ found that Artyemarie F. "has not been under a disability . . . from August 1, 2020, through the date of [the ALJ's] decision." *Id.* at 33.

## DISCUSSION

Artyemarie F. contends that the ALJ's decision is unsupported by substantial evidence. I could not agree more.

"A finding of no substantial evidence is warranted only 'where there is a conspicuous absence of credible choices or no contrary medical evidence.'" *Ramirez*, 606 F. App'x at 777 (quoting *Johnson v. Bowen*, 864 F.2d 340, 343–44 (5th Cir. 1988)). Here, the ALJ plainly misrepresented the evidence of record, which is not a credible choice. In determining that Artyemarie F. "does not have an impairment or combination of impairments that significantly limits her ability to perform basic work activities," the ALJ reasoned:

> The claimant continued as an officer on active duty some 18 months after alleged onset date of August 8, 2020. . . . The record is considered complete. Yet it lacks any indicia of any impaired performance. The claimant has not offered any documentation of any service-imposed limitations on her active-duty status. The record lacks any summary of any medical review board proposing her discharge for medical reasons, no mention of any failure to satisfactorily pass a physical readiness (PT) test or an exemption from such testing by reason of a medical condition, no transfer to a medical facility pending treatment, no Boarding for fitness to retain on active duty, no evidence of any light duty or other medically imposed limitations on her active duty service prior to separation.

Dkt. 4-3 at 31. Each of these statements is plainly false.

On June 22, 2021, Artyemarie F. met a Medical Evaluation Board ("MEB"). The narrative summary of that board reflects that Artyemarie F. "is not world-wide deployable and will not be world-wide deployable within the next 12 months." Dkt. 5-1 at 360. The summary also reflects that Artyemarie F. "has reached [Medical Retention Determination Point] based on the manifestations of the [her] diagnosis of Posttraumatic Stress Disorder and Major Depressive Disorder which results in [her] *being incapable of return to full duty within one year*." *Id.* at 361 (emphasis added). Other restrictions evident from the MEB summary include:

> As a result of [Artyemarie F.]'s PTSD, [she] cannot carry or fire a military weapon or deploy.
>
> Due to sleep apnea, [Artyemarie F.] requires regular access to electricity.
>
> As a result of low back pain, bilateral knee pain, bilateral foot pain and right ankle pain, [Artyemarie F.] *may not perform an [Army Combat Fitness Test] run*.

*Id.* (emphasis added). Each of these statements stands in direct contradiction to the ALJ's statement that the record "lacks any indicia of any impaired performance." Dkt. 4-3 at 31.

The ALJ's analysis of Artyemarie F.'s testimony is quintessential cherry-picking. *See Martinez v. Kijakazi*, No. EP-22-cv-00135, 2023 WL 2885402, at *10 (W.D. Tex. Apr. 5, 2023) ("Although appellate courts have stated the prohibition with slight linguistic variations, they all require the ALJ to expressly discuss, in his written decision, countervailing evidence that undermines his finding on nondisability, when he relies on other evidence that supports that finding." (collecting cases)). The ALJ relied on those portions of Artyemarie F.'s military records that supported his analysis, while ignoring—to the point of misrepresenting their contents—those portions that were contrary to his analysis. This renders his decision unsupported by substantial evidence. This case must be remanded so that Artyemarie F. can receive the proper analysis she is due.

## CONCLUSION

For the reasons discussed above, I recommend the Commissioner's decision be reversed and this matter remanded to the Commissioner for further proceedings consistent with this Memorandum and Recommendation.

The parties have 14 days from service of this Memorandum and Recommendation to file written objections. *See* 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b)(2). Failure to file timely objections will preclude appellate review of factual findings and legal conclusions, except for plain error.

SIGNED this 20th day of December 2024.

ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE