Case 3:24-cv-00095   Document 24   Filed on 05/06/25 in TXSD   Page 1 of 5

United States District Court
Southern District of Texas
**ENTERED**
May 06, 2025
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION**

| | |
|---|---|
| ARTYEMARIE F.,[1] | § |
| | § |
| Plaintiff. | § |
| | § |
| V. | § CIVIL ACTION NO. 3:24-cv-00095 |
| | § |
| COMMISSIONER OF SOCIAL SECURITY, | § |
| | § |
| Defendant. | § |

## MEMORANDUM AND RECOMMENDATION

Before me is Plaintiff's Motion for Attorney Fees Under the Equal Access to Justice Act ("EAJA"). Dkt. 19. Plaintiff seeks reimbursement of $18,908.84 in attorney's fees and $405.00 for the filing fee.

On January 7, 2025, Judge Jeffrey V. Brown adopted my Memorandum and Recommendation and issued a Final Judgment, remanding this case to the Commissioner of the Social Security Administration ("Commissioner") for further proceedings. *See* Dkt. 15. The EAJA permits a "prevailing party" against the federal government to recover an award of court costs and attorney's fees unless the position of the United States was "substantially justified" or "special circumstances" would make an award unjust. *Murkeldove v. Astrue*, 635 F.3d 784, 789 (5th Cir. 2011) (quoting 28 U.S.C. § 2412(d)(1)(A)).

Plaintiff is a "prevailing party" within the meaning of the EAJA by virtue of having had judgment entered in her favor and her case remanded to the Commissioner for further review. *See Shalala v. Schaefer*, 509 U.S. 292, 301 (1993) (finding a remand that "terminates the litigation with victory for the

---

[1] On May 1, 2023, the Committee on Court Administration and Case Management of the Judicial Conference of the United States issued a memorandum recommending that courts adopt a local practice of using only the first name and last initial of any non-government party in Social Security opinions.

plaintiff" confers prevailing party status under the EAJA). The Commissioner does not oppose an award of reasonable fees but does object to the hourly rate Plaintiff requests and to the number of hours requested as "excessive." Dkt. 22 at 1.

It is a prevailing party's burden to establish that the attorney's fees requested are reasonable. *See Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). "The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *See id.* at 433. I will address the proper hourly rate and the number of hours reasonably expended in turn.

**Hourly Rate**: The EAJA dictates that attorney's fees not exceed $125 per hour, unless the district court determines that an increase in the cost of living or a special factor justifies a higher fee. *See* 28 U.S.C. § 2412(d)(2)(A)(ii). The Consumer Price Index for All Urban Consumers ("CPI-U"), as furnished by the U.S. Bureau of Labor Statistics, is commonly used to determine the appropriate amount for cost-of-living increases under the EAJA. *See Bode v. United States*, 919 F.2d 1044, 1053 n.8 (5th Cir. 1990) ("Certainly the district court could not be faulted if it should select an appropriate inflation index, such as the United States Department of Labor's Consumer Price Index for All Urban Consumers (CPI–U) published by the Bureau of Labor Statistics.").

Plaintiff requests that I apply the cost-of-living increase based on the national south CPI-U rather than the Houston-The Woodlands-Sugar Land, Texas CPI-U, which covers the geographic region where the case was litigated. I disagree. "Even though the Fifth Circuit has not specifically determined whether courts should apply the national, regional, or local CPI when calculating fee adjustments under the EAJA, it has emphasized the importance of uniformity in cost-of-living adjustments within courts located in the same city or division." *Henline v. Kijakazi*, No. 3:20-cv-1944, 2022 WL 2975326, at *2 (N.D. Tex. July 5, 2022) (citing *Yoes v. Barnhart*, 467 F.3d 426, 426 (5th Cir. 2006)). District courts in the Galveston and Houston divisions of the Southern District of Texas routinely use

the CPI-U rate for Houston-The Woodlands-Sugar Land, Texas when deciding reasonable fees for EAJA purposes. *See, e.g.*, *Matthews v. Berryhill*, No. 4:18-cv-4795, 2020 WL 242487, at *3 (S.D. Tex. Jan. 16, 2020). I will do so as well.

To calculate the proper fee increase above the $125 statutory hourly rate, I look to the ratio of the Houston-The Woodlands-Sugar Land, Texas CPI-U at the time the legal services were rendered (the numerator) to the Houston-The Woodlands-Sugar Land, Texas CPI-U at the time the current statutory limit of $125 was set in 1996 (the denominator).[2] *See Chargois v. Barnhart*, 454 F. Supp. 2d 631, 634 n.5 (E.D. Tex. 2006). The quotient derived from this ratio is multiplied by the $125 hourly limit to produce an adjusted hourly rate that reflects the cost-of-living increase. *See id*.

The work in this case was performed in 2024 and 2025. Using the above formula, I calculate the hourly rates for the relevant years as follows:

- For 2024, the CPI-U for Houston-The Woodlands-Sugar Land, Texas was 274.201. This is the numerator. In 1996, the annual average CPI-U for Houston-The Woodlands-Sugar Land, Texas was 142.7. This is the denominator. The quotient derived from this ratio is 1.9215 (274.201/142.7). Multiplying 1.9215 by $125 yields an hourly rate of $240.19 for 2024.

- For 2025, there is no annual data yet available. Because the February CPI-U for Houston-The Woodlands-Sugar Land, Texas is available and counsel's billing entries are from January and March, I will use the February CPI-U for Houston-The Woodlands-Sugar Land, Texas, which is 275.619. Again, in 1996, the annual average CPI for Houston-The Woodlands-Sugar Land, Texas was 142.7. This is the denominator. The quotient derived from this ratio is 1.9315 (275.619/142.7). Multiplying 1.9315 times $125 yields an hourly rate of $241.43 for 2025.

Having calculated the proper adjusted hourly rates for 2024 and 2025, I turn to assessing the number of hours reasonably expended by Plaintiff's counsel.

---

[2] I obtained the CPI-U numbers used to calculate Plaintiff's attorney's fees from https://data.bls.gov/timeseries/CUURS37BSA0?amp%253bdata_tool=XGtable&output_view=data&include_graphs=true (last visited May 5, 2025).

**Appropriate Number of Hours Expended**: Plaintiff's counsel contends that she spent 74.5 hours working on this case (73 in 2024 and 1.5 hours in 2025). The Commissioner objects to these hours as "excessive." Dkt. 22 at 1. Specifically, the Commissioner argues that "[t]he typical EAJA application for attorney fees in Social Security cases claims between 20 and 40 hours of attorney work." *Id.* at 2. Despite the extensive administrative record in this case (2,533 pages), which is nearly three times larger than the average record, the Commissioner argues that the issues were not novel or complex, and justify an award for only 36 attorney hours and 2.6 paralegal hours.

To start, I will acknowledge 74.5 hours would be an outlier of the many social security appeals I have handled. Not even one of the cases cited by Plaintiff approved an award for 74.5 hours. *See* Dkt. 20 at 7–8. On the other hand, the Commissioner's request for 36 hours is certainly too little considering the unusually large administrative record and the fact that Plaintiff's counsel did not represent her at the administrative level.

The Supreme Court requires fee applicants to exercise "billing judgment," meaning they should "exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary." *Hensley*, 461 U.S. at 434. For that reason, district courts often adjust for excessive hours related to routine tasks. *See, e.g.*, *Hayes v. Astrue*, No. 3:09-cv-2018, 2010 WL 5479611, at *2 (N.D. Tex. Dec. 3, 2010) (reducing time for drafting complaint and affidavit from four hours to one hour). Even acknowledging the extensive record in this case, Plaintiff's counsel's request for more than 26 hours for "drafting [the] statement of the facts" is clearly excessive. Dkt. 19-2 at 1. Because decisions regarding fee awards under the EAJA are "within the discretion of the district court," I will reduce Plaintiff's counsel's requested attorney hours from 74.5 hours to 61.5 hours. *Baker v. Bowen*, 839 F.2d 1075, 1084 (5th Cir. 1988) (The Fifth Circuit reviews "a fee award or denial of an award under the EAJA" only for abuse of discretion. (quotation omitted)); *see also*

4

*Perales v. Casillas*, 950 F.2d 1066, 1074 (5th Cir. 1992) ("[I]n determining the amount of attorneys' fees, the district court enjoys discretion.").

## CONCLUSION

For the reasons discussed above, I recommend that Plaintiff's Motion for Attorney Fees Under the Equal Access to Justice Act (Dkt. 19) be granted. Specifically, I recommend that Plaintiff be awarded $14,411.40 for 60 hours work performed in 2024, during which the hourly rate was $240.19; $362.15 for 1.5 hours work performed in 2025, during which the hourly rate was $241.43; $260.00 for 2.6 hours work performed by paralegals at an hourly rate of $100.00; and $405.00 in costs as reimbursement of the filing fee.

I recommend the Commissioner be ordered to pay the sum of $15,438.55 attorney's fees and costs under the EAJA, with the check made payable to Tower Law Group and mailed directly to Tower Law Group.

The parties have 14 days from service of this Memorandum and Recommendation to file written objections. *See* 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(2). Failure to file timely objections will preclude appellate review of factual findings and legal conclusions, except for plain error.

SIGNED this 6th day of May 2025.

_____
ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE